Kurt M. Mullen
**NIXON PEABODY LLP**
100 Summer Street
Boston, Massachusetts 02110
(617) 345-1000
Attorneys for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DORADO SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| ABILITY NETWORK, INC., KENNETH | ) | |
| ERNSTING, MARK BRIGGS, JACK HAUSER, | ) | *Document Filed Electronically* |
| BUD MEADOWS, JOHN DOW 1-10, and | ) | |
| ABC CORPS. 1-10 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants ABILITY Network Inc.

("ABILITY"), Kenneth Ernsting, Mark Briggs, Jack Hauser and John "Bud" Meadows file this

Notice of Removal.  As grounds for removal, Defendants state as follows:

1.      On or about May 20, 2014, Plaintiff Dorado Systems, LLC filed a Verified

Complaint (the "Complaint") in the Superior Court of New Jersey, Chancery Division in

Camden County under Docket No. C-39-14 (the "State Court Action").  Copies of Civil Action

Summons served on ABILITY and the Complaint in the State Court Action, which constitute all

process, pleadings and orders served upon ABILITY, is attached as Exhibit 1 hereto.[1]

---

[1]      A representative of Defendants' counsel contacted the Clerk's Office in the State Court
Action, most recently on June 24, 2014, to determine whether any other information,
including process, pleadings or orders, were in the file in the State Court Action.  The
Clerk's Office informed the representative of Defendants' counsel that the only other

2.    Plaintiff purports to assert various claims against Defendants, including breach of contract (Count I), breach of the duty of good faith and fair dealing (Count II), intentional misrepresentation/fraud (Count III), negligent misrepresentation (Count IV), misappropriation of trade secrets, confidential and proprietary information, and conversion in violation of common law (Count V), unfair competition (Count VI), tortious interference with prospective business relationships (Count VII), misappropriation of trade secrets in violation of New Jersey's Trade Secrets Act (Count VIII), misappropriation of a novel idea (Count IX), unjust enrichment (Count X), amount due under contract (Count XI). Plaintiff also seeks injunctive relief (Count XII).

3.    Plaintiff's Complaint seeks nonmonetary relief and a money judgment. New Jersey practice does not permit a demand for a specific sum with respect to unliquidated money damages. See N.J. Court Rules, 1969; R. 4:5-2. Without admitting, and expressly denying the validity of Plaintiff's causes of action, upon information and belief the amount in controversy in this Action exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

4.    Plaintiff alleges in its Complaint that its principal place of business is located in Haddonfield, New Jersey.

5.    ABILITY is a Delaware corporation with a principal place of business in Minneapolis, Minnesota.

6.    Defendants Ernsting, Briggs, Hauser and Meadows (collectively, the "Individual Defendants") are officers of ABILITY. Mr. Ernsting is a resident of New Jersey. Mr. Briggs is a resident of Massachusetts. Mr. Hauser and Mr. Meadows are residents of Minnesota.

---

documents contained in the record in the State Court Action were filed under seal and include certain exhibits to the Complaint and a motion. Defendants have not been served with such documents.

7.      Defendants respectfully submit that this Court should disregard the citizenship of

Mr. Ernsting in determining diversity jurisdiction over this case.  Defendants do not believe that

Plaintiff has any reasonable basis in fact or colorable grounds to support the claims against the

Individual Defendants and that Plaintiff has no real intention in good faith to prosecute the action

against the Individual Defendants.  Defendants believe that Plaintiff fraudulently joined Mr.

Ernsting as a means to overcome federal court diversity jurisdiction.

8.      Disregarding Mr. Ernsting's citizenship, this Court has original jurisdiction over

this action pursuant to 28 U.S.C. § 1332 because the real parties in interest are citizens of

different states and the amount in controversy is deemed to exceed Seventy-Five Thousand

Dollars ($75,000), exclusive of interest and cost.  Removal of this action is therefore proper

pursuant to 28 U.S.C. § 1441.

9.      On May 27, 2014, Plaintiff served the Complaint upon ABILITY, Mr. Hauser and

Mr. Meadows.  Plaintiff served the Complaint upon Mr. Ernsting on June 3, 2014, and on Mr.

Briggs on June 10, 2014.

10.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because

Defendants are removing the case within 30 days of the first Defendants' receipt of the

Summons and Complaint.

11.     The United States District Court for the District of New Jersey, Camden Division,

is the proper venue pursuant to 28 U.S.C. § 1446(a).

12.     Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal will be

served on counsel of record in the State Court Action and will be filed in the Chancery Division

of the Superior Court of New Jersey, Camden County promptly after the filing of this Notice of

Removal.

13.     By filing this Notice of Removal, Defendants do no waive any defense that may

be available to them and Defendants do not concede that the allegations in the Complaint state a

valid claim under applicable law.

WHEREFORE, this action should be removed to the United States District Court for the

District of New Jersey.

Respectfully submitted,

**ABILITY NETWORK INC., KENNETH
ERNSTING, MARK BRIGGS, JACK
HAUSER, and JOHN "BUD"
MEADOWS,**

By their Attorneys,


/s/ Kurt M. Mullen
Kurt M. Mullen
kmullen@nixonpeabody.com
Jonathan Sablone (*pro hac vice* application
to be filed)
jsablone@nixonpeabody.com
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110-2131
(617) 345-1000
(617) 345-1300 (facsimile)

Dated: June 26, 2014